**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**JAMES HARRELL,**

                              **Petitioner,**                **17-CV-758 (LAP)(SN)**

              -against-                                  **OPINION AND ORDER**

**PAUL CHAPPIUS, JR.,**

                              **Respondent.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

By letter dated October 19, 2018, *pro se* petitioner James Harrell moves the Court to grant his request for *pro bono* counsel. For the reasons set forth below, the motion is denied without prejudice.

A federal judge has "broad discretion" when deciding whether to appoint counsel to an indigent litigant. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). There "is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters." Id. at 789; 28 U.S.C. § 1915(e).

The factors to be considered in ruling on a motion for *pro bono* counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were

brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent. Id.

Here, Harrell filed this habeas petition challenging the constitutionality of his 2012 New York County conviction. On June 16, 2017, the Court stayed this action pending the resolution of several challenges to that conviction in New York State court. See ECF No. 12. Until those cases have reached a final resolution, it is not possible for the Court to assess whether Harrell's case has sufficient merit to warrant the appointment of counsel.

Accordingly, the Court denies Harrell's application without prejudice. The Clerk of Court is directed to terminate the motion at ECF No. 19.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: New York, New York
    November 5, 2018

cc: James Harrell (*by Chambers*)
  12-A-4228
  Five Points Correctional Facility
  6600 State Rt. 96
  P.O. Box 119
  Romulus, NY 14541
  PRO SE